NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS CRISOSTOMO,  Plaintiff,  v.  STATE OF N.J. PUBLIC DEFENDER OFFICE PASSAIC COUNTY, et al.,  Defendants. | Civil Action No. 14-4756 (WJM)  OPINION |

**APPEARANCES**:

    LUIS CRISOSTOMO, #00001575
    Passaic County Jail
    11 Marshall Street, 2-G-3
    Paterson, NJ 07501
    Plaintiff *Pro Se*

**MARTINI, District Judge**:

    Luis Crisostomo, a pretrial detainee who is confined at the Passaic County Jail in New Jersey, seeks to file a Complaint asserting claims under 42 U.S.C. § 1983 against the Passaic County Public Defender's Office and Deputy Public Defenders Judith Fallon, William Rohr and Joseph Krakora without prepayment of the filing fee. This Court will grant Plaintiff's application to proceed *in forma pauperis*. For the reasons expressed in this Opinion, and as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the Complaint.

## I.   BACKGROUND

Luis Crisostomo brings this Complaint for violation of his constitutional rights under 42 U.S.C. § 1983 against the Passaic County Public Defender's Office and Deputy Public Defenders

Judith Fallon, William Rohr and Joseph Krakora.  He asserts the following facts in the body of the form Complaint:

> On March 21, 2012 at Passaic County Jail visit through interpreter William Rohr said I know you are [a] rapist on my first visit with him.  On April 7th 2014 I asked Mr. Rohr to d[o] a th[or]ough investigation[, but] he refused.  [On] March 13, 2014 I asked for my discovery and to include grand jury [] transcript since I have not received anything for the incar[cer]ation [and] pre[trial] de[ten]tion for over 23 months without speedy trial.  William Rohr deprives me of my civil rights and my 6th, 1st, 5th, 8th, 14th Amendment of the Constitution of the United States.  March 13, 2014 – March 1, 2014 – March 17, 2014 – April 3, 2014 – April 5th, 2014 – April 7th, 2014 – June 2, 2014, I wrote Joseph Krakora[,] Public Defender[,] and Judith Fallon[,] Assistant Public Defender[,] about Mr. Rohr[,] Assistant Public Defender[,] depriving me of my civil rights as his superior and policymakers [and] they violat[ed] my 1st, 4th, 5th, 6th, 8th, 14th Amendment of United States Constitution[.]  Please see attached evidence for more details.

(Complaint, ECF No. 1 at 6.)

Plaintiff seeks the following relief:  "To order whatever relief the court deems necessary in the name of justice and to preserve my constitutional rights of the United States."  (ECF No. 1 at 13.)  Attached to the Complaint are numerous documents, including handwritten letters in English and Spanish concerning the events leading to Plaintiff's arrest and the allegedly deficient performance of Mr. Rohr in defending Plaintiff against various state criminal charges, correspondence between Plaintiff and the various Defendants, criminal complaints against Plaintiff filed in March 2012, the state indictment dated August 14, 2012, charging Plaintiff with aggravated sexual assault, sexual assault, endangering the welfare of a child, aggravated assault, possession of a weapon for an unlawful purpose, possession of prohibited devices and terroristic threats, a Domestic Violence Complaint, Temporary Restraining Order, and Final Restraining Order against Plaintiff, an attorney grievance by Plaintiff against Defendant Rohr, Police Incident Reports concerning Plaintiff, and other items.

## II.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a person is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b).  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  This action is subject to *sua sponte* screening for dismissal under these statutes because Plaintiff is proceeding *in forma pauperis*.

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

A.   <u>Federal Jurisdiction</u>

Federal courts are courts of limited jurisdiction.  *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).  Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[2]  To recover under § 1983, a plaintiff must show two elements:   (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

"Although a [person] may cause a deprivation of . . . a right, [he] may be subjected to liability under § 1983 only when [he] does so under color of law."  *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995) (quoting *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).  In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid

---

[2] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

4

and ultimately supervised by the state, does not act under color of state law for the purposes of § 1983 when performing the traditional functions of counsel to a criminal defendant.  *See also Vermont v. Brillon,* 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor"); *Angelico v. Lehigh Valley Hospital, Inc*., 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); *Calhoun v. Young*, 2008 WL 2944638 (3d Cir. Aug. 1, 2008) (public defender representing criminal defendant is not acting under color of state law); *see also Gause v. Haile,* 2014 WL 199260 *2 (3d Cir. Mar. 21, 2014); *Chambers v. Hughes*, 532 F. App'x 86 (3d Cir. 2013); *Murphy v. Bloom*, 443 F. App'x 668 (3d Cir. 2011).   Because the acts and omissions complained of in regard to the individual Defendants concern the traditional functions of a criminal defense attorney, these Defendants were not acting under color of state law and the Complaint fails to state a claim under 42 U.S.C. § 1983 against any of them.[3]  Plaintiff also sues the Passaic County Public Defender's Office for violation of his constitutional rights under § 1983.   However, the § 1983 claims against the Public Defender's Office will be dismissed because it is not a "person" subject to suit under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Madden v. New Jersey State Parole Board*, 438 F.2d 1189, 1190 (3d Cir. 1971); *Stackhouse v. Lanigan,* Civ. No. 11-7554 (DMC), 2013 WL 6145665 (D.N.J. Nov. 21, 2013).   Because the Complaint does not state a federal claim against any named defendant, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted.

---

[3] To the extent Plaintiff claims that he was denied his right to the effective assistance of counsel pursuant to the Sixth Amendment, such a claim must be brought under 28 U.S.C. § 2254 after Plaintiff has exhausted all available state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

B.   Amendment

A District Court generally grants leave to correct the deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.,* 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). However, in this case, the Court will not grant Plaintiff leave to amend the Complaint because amendment would be futile, since nothing in the Complaint suggests that Defendants were acting under color of state law in providing representation to Plaintiff in his criminal proceeding.

### III.   CONCLUSION

For the reasons set forth in this Opinion, this Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED:   August 12 , 2014